T.C. Summary Opinion 2003-92

UNITED STATES TAX COURT

MIGUEL A. ECHEVARRIA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12522-02S.          Filed July 17, 2003.

Miguel A. Echevarria, pro se.

Huong T. Duong, for respondent.

PANUTHOS, Chief Special Trial Judge: This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed. The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority. Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and Rule references
are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2000 in the amount of $3,157. The issues for decision are: (1) Whether petitioner is entitled to an earned income credit, and (2) whether petitioner is entitled to a child tax credit.[1]

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Greenfield, California at the time the petition was filed with the Court.

During the tax year in issue petitioner lived in an apartment with Maria Magdalena Velasquez and her son, Manuel Velasquez, who was 6 years old in 2000. Petitioner is not the biological father of Manuel. Petitioner, Maria, and Manuel have lived together as a family since approximately 1997. Petitioner and Maria were not married during the tax year in issue. Petitioner provided some support for Maria and Manuel and treated Manuel as his child.

On his Federal income tax return for 2000, petitioner listed his filing status as head of household and claimed a deduction for a dependency exemption for Manuel, an earned income credit based on Manuel as a qualifying child, and a child tax credit. The return reflected Manuel Velasquez as petitioner's son.

---

[1] Respondent conceded that petitioner is entitled to a deduction for a dependency exemption for Manuel Velasquez and that petitioner is entitled to head of household filing status.

Discussion

There has been no assertion, nor do we conclude, that petitioner has satisfied the requirements of section 7491(a), and, consequently, section 7491(a) does not shift the burden of proof. Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as any individual who has a qualifying child for the taxable year. A qualifying child is one who satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3). Respondent asserts that Manuel is not a qualifying child since the relationship test is not satisfied. For the tax year in issue, the relationship test required as follows:

SEC. 32(c)(3)(B). Relationship test.--

(i) In general.--An individual bears a relationship to the taxpayer described in this subparagraph if such individual is--

(I) a son or daughter of the taxpayer, or a descendant of either,

(II) a stepson or stepdaughter of the taxpayer, or

(III) an eligible foster child of the taxpayer.

* * * * * * *

(iii) Eligible foster child.--For purposes of clause (i)(III), the term "eligible foster child" means an individual not described in clause (i)(I) or (II) who--

> (I) is a brother, sister, stepbrother, or stepsister of the taxpayer (or a descendant of any such relative) or is placed with the taxpayer by an authorized placement agency,
>
> (II) the taxpayer cares for as the taxpayer's own child, and
>
> (III) has the same principal place of abode as the taxpayer for the taxpayer's entire taxable year.

It is clear that Manuel was neither a child, stepchild or descendant of petitioner. Thus, we look to whether Manuel would qualify as an eligible foster child. In this connection, petitioner cared for Manuel as his own child, and Manuel lived with petitioner for the entire year. However, there is nothing in this record indicating that the provision of section 32(c)(3)(B)(iii)(I) has been satisfied, that Manuel was placed with the petitioner by an authorized placement agency. The record is silent on this matter. Since the relationship test has not been satisfied, we conclude that petitioner did not have a qualifying child for purpose of an earned income credit, and respondent's determination is sustained on this issue.

We next consider the child tax credit. A taxpayer may be entitled to a credit against tax with respect to each "qualifying child". Sec. 24(a). Among other requirements, section 24(c)(1)(C) provides that "such individual bears a relationship to the taxpayer described in section 32(c)(3)(B)." Since we have concluded for purposes of the earned income credit that Manuel

did not satisfy the requirements of said provision, it follows that petitioner did not have a "qualifying child" for purpose of the child tax credit.  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.